IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 11-792 (SLR) |
| CANON INC.; CANON U.S.A., INC.; OLYMPUS CORPORATION; OLYMPUS CORPORATION OF THE AMERICAS, OLYMPUS AMERICA INC. and OLYMPUS IMAGING AMERICA INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**CANON INC.'S AND CANON U.S.A., INC.'S OPENING BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS INTELLECTUAL VENTURES I LLC'S AND
INTELLECTUAL VENTURES II LLC'S CLAIMS OF INDUCED INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Canon Inc. and Canon U.S.A., Inc.*

OF COUNSEL:

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
212-218-2100

December 23, 2011

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.    NATURE AND STAGE OF THE PLEADINGS ............................................. 1

II.   SUMMARY OF ARGUMENT ........................................................................ 1

III.  STATEMENT OF FACTS .............................................................................. 2

IV.   LEGAL STANDARD ...................................................................................... 4

      A.   The Legal Standard For A Motion To Dismiss Under Fed. R. Civ.
           P. 12(b)(6) ............................................................................................ 4

      B.   The Legal Standard For Pleading Induced Infringement ...................... 5

V.    INTELLECTUAL VENTURES FAILS TO ADEQUATELY PLEAD
      INDUCED INFRINGEMENT .......................................................................... 6

           A.   Intellectual Ventures Fails To Allege The Requisite
                Knowledge And Intent On The Part Of Canon .............................. 6

           B.   Intellectual Ventures Fails to Allege Any Underlying
                Direct Infringement ..................................................................... 7

VI.   CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Air Vent, Inc. v. Owens Corning Corp.,*
    2011 WL 2601042 (W.D. Pa. 2011)..................................................................................8

*Aschcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)..........................................................................................1, 2, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................................1, 4, 5, 6

*Circuit City Stores v. Citgo Petroleum Corp.,*
    1994 U.S. WL 483463 (E.D. Pa. Sept. 7, 1994).............................................................1

*e-LYNXX Corp. v. InnerWorkings, Inc.,*
    No. 10-2535, 2011 WL 3608642 (M.D. Pa. July 26, 2011)............................................8

*Eon Corp. IP Holdings v. Flo TV Inc.,*
    2011 WL 2708945 (D. Del. July 12, 2011)....................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct. 2060 (2011).................................................................................................6, 7

*Mallinckrodt Inc. v. E-Z-EM Inc.,*
    670 F. Supp. 2d 349 (D. Del. 2009)..............................................................................6, 8

*Minkus Electronic Display Systems Inc. v. Adaptive Micro Systems LLC,*
    2011 WL 941197 (D. Del. 2011).............................................................................4, 6, 7, 8

*ONDEO Nalco Co. v. EKA Chems., Inc.,*
    No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) .......................................6, 8, 9,10

*Santiago v. Warminster Twp.,*
    629 F.3d 121 (3d Cir. 2010)...........................................................................................5

*U.S. Fid. & Guar. Co. v. Star Techs., Inc.,*
    935 F. Supp. 1110 (D. Or. 1996) ...................................................................................7

*XPoint Technologies, Inc. v. Microsoft Corp.,*
    730 F. Supp. 2d 349 (D. Del. 2010)...........................................................................5, 6, 9

**Rules & Statutes**

35 U.S.C. § 271 ............................................................................................................3

35 U.S.C. § 271(b) ....................................................................................................5, 6, 9

35 U.S.C. § 299 ...........................................................................................................2

Fed. R. Civ. P. 12(b)(6) .............................................................................................1, 4, 5

Fed. R. Civ. P. 8 .........................................................................................................2

Fed. R. Civ. P. 8(a)(2) ..................................................................................................4

Defendants Canon Inc. and Canon U.S.A., Inc. (collectively, "Canon") submit this opening brief in support of their motion to dismiss the induced infringement allegations set forth in all Counts against them (Counts I, II, III, IV, V, VI and VII of the Complaint) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Aschcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and the related case law.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On September 9, 2011, Plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC (collectively, "Intellectual Ventures") filed a complaint against Canon, as well as against Defendants Olympus Corp., Olympus Corp. of the Americas, Olympus America Inc. and Olympus Imaging America Inc (collectively "Olympus"). (D.I. 1). The Complaint alleges that Canon has infringed seven of Intellectual Ventures' patents.

Canon has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Intellectual Ventures' claims for induced infringement by it for failure to state a claim upon which relief can be granted.[1] This is Canon's Opening Brief in support of that motion.

## II.   SUMMARY OF ARGUMENT

Intellectual Ventures' allegations of induced infringement fail to satisfy the basic pleading standards of Federal Rule of Civil Procedure 8(a) as explained by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Supreme Court explained, "threadbare recitals of the elements of a cause of action, supported

---

[1]   A motion to dismiss that addresses part of a complaint suspends the time for Defendants to answer or otherwise respond to the remaining allegations in the Complaint. *See, e.g., Circuit City Stores v. Citgo Petroleum Corp.*, 1994 U.S. WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

by mere conclusory statements" do not meet even the liberal pleading standards of Federal Rule of Civil Procedure 8. *Iqbal*, 129 S. Ct. at 1949.

Here, Intellectual Ventures' pleadings of induced infringement do not even rise to the level of "threadbare recitals," much less provide any of the requisite factual bases for the allegation. The Complaint fails to plead even the most basic elements of that claim. As a result, Canon is left to guess as to the basis for Intellectual Ventures' claims. For example, the Complaint fails to plead that Canon had knowledge of the particular patents that it is accused of infringing by inducement and fails to plead that Canon had a specific intent to encourage another's infringement. The Complaint also fails to identify the alleged underlying instances of direct infringement that Canon supposedly induced and fails to identify who committed the alleged direct infringement. Because the Complaint is lacking those requisite elements of induced infringement, those claims should be dismissed.

## III.   STATEMENT OF FACTS

The Complaint accuses Canon of infringing seven patents:   U.S. Patent Nos. 5,754,348; 6,023,081; 6,121,960; 6,181,836; 6,221,686; 6,979,587; 7,733,368. (D.I. 1 at Counts I, II, III, IV, V, VI and VII).[2] Each Count is directed to one of those patents, and sets forth the infringement allegations for that patent in a single, one-sentence paragraph. That paragraph is virtually identical in each of the Counts, with only the patent number and the allegedly infringing product(s) being changed. Paragraph 44 of Count II is thus representative and, like the

---

[2]   Intellectual Ventures repeats almost identical allegations for Counts VIII through XIV against Olympus. Some of those Counts involve the same patents asserted against Canon and some involve other patents. The Complaint was filed one week before the September 16, 2011 enactment date of the Leahy-Smith America Invents Act, which added new 35 U.S.C. § 299 to the U.S. patent laws, restricting a patent owner's ability to join accused infringers in a civil action. Thus, the Complaint does not allege that Canon and Olympus are selling the same accused product or that questions of fact common to Canon and Olympus will arise in this action.

corresponding paragraph in each of the Counts, makes the infringement allegation against Canon

in a boilerplate fashion, lumping together direct infringement and induced infringement as

follows:

> 44. Canon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Canon's Vixia HF 20 camcorder) without authority and in violation of 35 U.S.C. § 271.

(D.I. 1 at ¶ 44; *see also* D.I. 1 at ¶¶ 41, 47, 50, 53, 56 and 59). Nowhere in the infringement

paragraphs – or anywhere else in the Complaint – is there any allegation that Canon had

knowledge of any specific patent, that Canon had a specific intent to induce another to infringe

or that Canon had knowledge that the acts that it supposedly induced would in fact infringe.

Similarly absent from the bare-bones infringement allegations is any identification of what the

alleged infringing acts underlying Canon's supposed inducement were and who committed them.

The Complaint includes one paragraph that alleges generally that Intellectual

Ventures and Canon had pre-suit discussions regarding the licensing of Intellectual Ventures'

patents:

> 37. Beginning in 2009, Intellectual Ventures approached Canon about taking a license to Intellectual Ventures' patents. Over the next several months, in an effort to negotiate a license, Intellectual Ventures discussed many of its patents with Canon including several of the patents asserted against Canon in this complaint. Further, Intellectual Ventures explained to Canon how Canon was using Intellectual Ventures' patented inventions in its digital imaging products. Despite Intellectual Ventures' good-faith efforts to negotiate a business solution, Canon has failed and refused to license Intellectual Ventures' patents on reasonable terms, and continues to use those inventions without permission.

(D.I. 1 at ¶ 37). Although this paragraph refers to a discussion about "many of [Intellectual

Ventures'] patents including several of the patents asserted against Canon," it does not identify

which patents were actually discussed. Similarly, there is a reference to Intellectual Ventures having allegedly "explained" how "Canon was using Intellectual Ventures' patented inventions in its digital imaging products," but once again no identification of the specific patent(s) that were allegedly the subject of the explanations.

## IV.   LEGAL STANDARD

### A.    The Legal Standard For A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has said that this "short and plain statement of the claim" is required to show "that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotations omitted). Courts evaluate the sufficiency of the allegations in a complaint at the outset of the litigation because a "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations omitted).

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See e.g., Minkus Electronic Display Systems Inc. v. Adaptive Micro Systems LLC*, 2011 WL 941197, at *2 (D. Del. 2011) (internal citations omitted). To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must allege facts that, when taken as true, amount to "more than unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

4

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Courts should not accept allegations that are nothing more than legal conclusions, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a claim that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 555); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) ("[W]e disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'") (citation omitted).   Intellectual Ventures must allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

**B.      The Legal Standard For Pleading Induced Infringement**

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *XPoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (internal citations omitted).   As the Supreme Court has recently instructed, the specific intent prong of induced infringement requires both knowledge of the patent and knowledge that the alleged acts constitute infringement of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-9 (2011) (holding that induced infringement "requires knowledge that the alleged acts constitute infringement" or, at least, "willful blindness").

This Court applies a "heightened pleading requirement" for inducement by infringement. *Eon Corp. IP Holdings v. Flo TV Inc.*, 2011 WL 2708945, at *5 (D. Del. July 12,

5

2011). In accordance with that heightened standard, this Court has dismissed allegations of induced infringement where the complaint failed to allege facts sufficient to allow the Court to infer that defendants had knowledge of the patent at issue. *Id.* at *5-6; *Xpoint*, 730 F. Supp. 2d at 357; *Minkus*, 2011 WL 941197, at *3. *See also Mallinckrodt Inc. v. E-Z-EM Inc.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009). Similarly, this Court has dismissed induced infringement claims that "fail to allege direct infringement by a party other than [the accused infringer]." *ONDEO Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, at *1 (D. Del. June 10, 2002).

## V.    INTELLECTUAL VENTURES FAILS TO ADEQUATELY PLEAD INDUCED INFRINGEMENT

### A.    Intellectual Ventures Fails To Allege The Requisite Knowledge And Intent On The Part Of Canon

To prove inducement of infringement under 35 U.S.C. § 271(b), Intellectual Ventures must show, with respect to each of the seven of its asserted patents, that Canon had a specific intent to induce infringement. *See XPoint*, 730 F. Supp. 2d at 356. That showing requires a showing that Canon had knowledge both of the allegedly infringed patent and that the acts it supposedly induced constituted patent infringement. *See Global-Tech*, 131 S. Ct. at 2068-9. Intellectual Ventures' Complaint does not plead either of those things. To the contrary, the whole of its induced infringement pleading is that Canon "has infringed and/or induced others to infringe," and there is no allegation that Canon had knowledge of any specific asserted patent or that Canon had knowledge that some acts of others infringed any specific patent.[3]

Intellectual Ventures' vague statement that it "approached" Canon and "discussed many of its patents with Canon including several patents asserted against Canon" in its complaint (D.I. 1 at ¶ 37) does not constitute an allegation that Canon had knowledge of any asserted

---

[3]    Notably, the Complaint does not allege willful infringement on the part of Canon.

patents because it does not identify which patents, specifically, were allegedly discussed.  As a result, as each of Intellectual Ventures' infringement Counts is analyzed, it is not possible to infer from that vague statement that Canon had knowledge of the specific patent that is the subject of the Count.   Similarly, Intellectual Ventures' vague statement that it "explained to Canon how Canon was using Intellectual Ventures' patented inventions in its digital imaging products" (D.I. 1 at ¶ 37) cannot be used to support the knowledge of infringement requirement, both because it also does not identify which patents, specifically, were the subject of those alleged explanations, and because it makes reference to "how Canon was using" the unspecified invention, rather than to the acts of a third-party. *See U.S. Fid. & Guar. Co. v. Star Techs., Inc.*, 935 F. Supp. 1110, 1115 (D. Or. 1996) ("Generally speaking, a direct infringement cannot also be liable as an induced infringer based on the same act.").

Indeed, the Complaint in this case is more deficient than, for example, the complaint in *Minkus Electronic Display Systems Inc. v. Adaptive Micro Systems LLC*, 2011 WL 941197 (D. Del. 2011), which this Court found failed to meet the required pleading standard for induced infringement.  In *Minkus*, the complaint alleged that "defendant[s][] had actual notice of infringement of the '174 patent before the filing of the complaint."  This Court found that the allegation did not sufficiently plead facts to plausibly demonstrate knowledge of the '174 patent. *Minkus*, 2011 WL 941197, at *3.  Here, the Complaint does not make any allegation that Canon knew about or had notice of any particular patent, and instead simply asserts that "several of the patents asserted against Canon in this complaint" (D.I. 1 at ¶ 37) were discussed.

**B.     Intellectual Ventures Fails to Allege
Any Underlying Direct Infringement**

Intellectual Ventures' claims for induced infringement should also be dismissed for the separate and independent reason that the complaint does not identify any underlying

instances of direct infringement. "Claims for indirect infringement cannot exist in the absence of direct infringement." *Mallinckrodt Inc.,* 670 F. Supp. 2d at 354; *Air Vent, Inc. v. Owens Corning Corp.,* 2011 WL 2601042, at *4 (W.D. Pa. 2011); *ONDEO,* 2002 WL 1458853, at *1. Courts often dismiss indirect infringement claims that fail to "allege direct infringement by a party other than" the accused infringer. *ONDEO,* 2002 WL 1458853, at *1; *See also Air Vent,* 2011 WL 2601042, at *5. Although a complaint need not identify a specific third party by name, *see Minkus,* 2011 WL 941197, at *3, it must "aver . . . facts as to why or how" unnamed parties "would be direct infringers." *Air Vent,* 2001 WL 2601043, at *4-6 (dismissing indirect infringement claims in part because "Complaint fail[ed] to identify any third party infringement of the [patents-in-suit] as a result of [defendant's] activities"); *e-LYNXX Corp. v. InnerWorkings, Inc.,* 2011 WL 3608642, at *7 (M.D. Pa. July 26, 2011) (dismissing induced infringement claims in part because the "complaint names no direct infringers vis-à-vis indirect infringement.")

As discussed above, the complaint lumps together the direct and induced infringement allegations in a single "and/or" type allegation as follows:

> Canon, either alone or in conjunction with others, has infringed and/or induced others to infringe ...

(D.I. ¶¶ 41, 44, 47, 50, 53, 56, 59)[4]. This bare-bones assertion does not identify what someone else has done that allegedly constitutes direct infringement, does not identify (even in the most general way) who that someone is and does not identify what Canon has allegedly done to induce the unidentified someone to engage in the unspecified acts. There can be no induced infringement without a predicate direct infringement, and because Intellectual Ventures does not

---

[4]   As this Court has observed, the "use of language such as 'directly and/or indirectly infringing' without further support for the indirect infringement allegations, is also disfavored." *XPoint,* 730 F. Supp. 2d at 357 n.11.

identify any such predicate, its claims for inducement should be dismissed. *See ONDEO*, 2002 WL 1458853, at *1.

As is the case with the deficiencies of the Complaint with respect to the knowledge and intent prongs, it is similarly deficient on the direct infringement prong for induced infringement, containing less than the allegations in prior cases which this Court found did not pass muster. In *ONDEO Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853 (D. Del. June 10, 2002), the complaint alleged that the accused infringer, ONDEO Nalco, "induced the infringement of the claims of the ... patent in violation of 35 U.S.C. § 271(b), by selling its products, including the 8692 product, and in instructing and encouraging others in the use of its products, including the 8692 product." This Court found those allegations deficient because they "fail[ed] to allege direct infringement by a party other than ONDEO Nalco and, therefore, insufficiently plead induced infringement." *Id.* The induced infringement allegations here are far more bare bones than that, and do not even attempt to articulate a cognizable theory of induced infringement.

## VI.   CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court grant its motion to dismiss Intellectual Ventures' claims of induced infringement in all counts against Canon (Counts I, II, III, IV, V, VI and VII of the complaint) for failure to state a claim on which relief can be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Canon Inc. and Canon U.S.A., Inc.*

OF COUNSEL:

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
212-218-2100

December 23, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Brian E. Farnan, Esquire
Rosemary J. Piergiovanni, Esquire
FARNAN LLP

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP

I further certify that I caused copies of the foregoing document to be served on December 23, 2011, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

John M. Desmarais, Esquire                                  *VIA ELECTRONIC MAIL*
Alan S. Kellman, Esquire
John C. Spaccarotella, Esquire
Jonas R. McDavit, Esquire
Xiao Li, Esquire
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
*Attorneys for Plaintiffs*

Richard L. Horwitz, Esquire                                          *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
6th Floor
Wilmington, DE  19801
*Attorneys for Olympus Corporation, Olympus*
*Corporation of the Americas, Olympus*
*America Inc. and Olympus Imaging America*
*Inc.*

George E. Badenoch, Esquire                                          *VIA ELECTRONIC MAIL*
Walter E. Hanley, Esquire
John R. Kenny, Esquire
Thomas R. Makin, Esquire
KENYON & KENYON LLP
One Broadway
New York, NY  10004
*Attorneys for Olympus Corporation, Olympus*
*Corporation of the Americas, Olympus*
*America Inc. and Olympus Imaging America*
*Inc.*

_____

Jack B. Blumenfeld (#1014)

2