**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, and<br>INTELLECTUAL VENTURES II LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>CANON INC., CANON U.S.A., INC.,<br>OLYMPUS CORPORATION, OLYMPUS<br>CORPORATION OF THE AMERICAS,<br>OLYMPUS AMERICA INC., and OLYMPUS<br>IMAGING AMERICA INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 11-792-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OLYMPUS CORPORATION'S, OLYMPUS CORPORATION OF THE AMERICAS'S,
OLYMPUS AMERICA INC.'S, AND OLYMPUS IMAGING AMERICA, INC.'S
MOTION TO DISMISS INTELLECTUAL VENTURES I LLC'S AND INTELLECTUAL
VENTURES II LLC'S CLAIMS OF INDUCED INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and the related case law, defendants Olympus Corporation, Olympus Corporation of the Americas, Olympus America Inc., and Olympus Imaging America Inc. (collectively, "Olympus") respectfully move to dismiss the claims of induced infringement in Counts VIII, IX, X, XI, XII, XIII, and XIV of the Complaint for failure to state a claim upon which relief can be granted. The grounds for this Motion are set forth in greater detail below.

On September 9, 2011, Plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC (collectively, "Intellectual Ventures") filed a complaint against Olympus, as well as against Defendants Canon Inc. and Canon U.S.A., Inc (collectively "Canon"). (D.I. 1). The Complaint alleges that Olympus has infringed seven of Intellectual Ventures' patents.

On December 23, 2011, Canon moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Intellectual Ventures' claims for induced infringement by it for failure to state a claim upon which relief can be granted. (D.I. 15.) On the same bases, Olympus similarly moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Intellectual Ventures' claims for induced infringement against it.[1]

The allegations asserted in the Complaint against Olympus have the same deficiencies as those asserted against Canon. Each factual allegation recited against Canon is repeated against Olympus in identical language except for the substitution of party names, patent numbers[2], and/or accused products. *Compare* ¶¶ 40-60 (Counts I, II, III, IV, V, VI, and VII against Canon) *with* ¶¶ 61-81 (Counts VIII, IX, X, XI, XII, XIII, and XIV against Olympus.) Therefore, the arguments asserted in Canon's Motion to Dismiss Intellectual Ventures' claims of induced infringement are equally applicable to the allegations against Olympus. (D.I. 15.)

As Canon argues with respect to the allegations directed at Canon, Intellectual Ventures' allegations of inducement are deficient in that, among other things, Intellectual Ventures has failed to allege that Olympus had knowledge of any specific patent. While the Complaint includes one paragraph that alleges generally that Intellectual Ventures and Olympus had pre-suit discussions regarding the licensing of Intellectual Ventures' patents (D.I. 1 at ¶ 39), this paragraph is identical to paragraph 37 regarding Canon's pre-suit discussions except for the substitution of the parties (D.I. 1 at ¶ 37.) As Canon noted for the corresponding statement in paragraph 37, the vague statement in paragraph 39 that Intellectual Ventures "approached"

---

[1] As Canon noted, a motion to dismiss that addresses part of a complaint suspends the time for Defendants to answer or otherwise respond to the remaining allegations in the Complaint. *See, e.g., Circuit City Stores v. Citgo Petroleum Corp.*, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

[2] Intellectual Ventures accuses each of Canon and Olympus of infringement of seven patents, five of which overlap.

Olympus and "discussed many of its patents with Olympus including several patents asserted against Olympus" in its complaint (D.I. 1 at ¶ 39) does not constitute an allegation that Olympus had knowledge of any asserted patents because it does not identify which patents, specifically, were allegedly discussed. As a result, as each of Intellectual Ventures' infringement Counts is analyzed, it is not possible to infer from that vague statement whether Olympus is alleged to have had knowledge of the specific patent that is the subject of the Count.

Moreover, Intellectual Ventures fails to allege that Olympus had a specific intent to induce another to infringe each of the patents asserted against Olympus, i.e., that Olympus either had actual knowledge that the acts that it supposedly induced would in fact infringe an Intellectual Ventures patent, or that Olympus was "willfully blind" to such infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2069 (2011). In order to plead "willful blindness," Intellectual Ventures would have to allege that Olympus "subjectively believe[d]" that the acts that it supposedly induced would in fact infringe an Intellectual Ventures patent, and that Olympus took "deliberate actions to avoid learning of that fact." *Global-Tech*, 131 S. Ct. at 2070. Intellectual Ventures' Complaint includes no such allegations.

Similarly absent from the bare-bones infringement allegations is any identification of the acts of direct infringement Olympus supposedly induced and who committed them.

For the foregoing reasons and the reasons set forth in *Canon Inc. and Canon USA Inc.'s Opening Brief in Support of Their Motion to Dismiss Intellectual Ventures I LLC's and Intellectual Ventures II LLC's Claims of Induced Infringement* (D.I. 15), Olympus respectfully requests that the Court grant its motion to dismiss Intellectual Ventures' claims of induced infringement in all Counts against Olympus (Counts VIII, IX, X, XI, XII, XIII and XIV of the Complaint) for failure to state a claim on which relief can be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL: | By: _/s/ David E. Moore_ |
| | Richard L. Horwitz (#2246) |
| George E. Badenoch | David E. Moore (#3983) |
| Walter E. Hanley, Jr. | Hercules Plaza, 6th Floor |
| John R. Kenny | 1313 N. Market Street |
| Thomas R. Makin | Wilmington, DE  19801 |
| KENYON & KENYON LLP | Tel:  (302) 984-6000 |
| One Broadway | rhorwitz@potteranderson.com |
| New York, NY 10004-1007 | dmoore@potteranderson.com |
| Tel:  (212) 425-7200 | |

*Attorneys for Defendants Olympus Corporation, Olympus Corporation of the Americas, Olympus America Inc., and Olympus Imaging America Inc.*

Dated:  December 29, 2011
1040875 / 37320

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 29, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 29, 2011, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Brian E. Farnan<br>Rosemary Jean Piergiovanni<br>Farnan LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>bfarnan@farnanlaw.com<br>rpiergiovanni@farnanlaw.com | John M. Desmarais<br>Alan S. Kellman<br>John C. Spaccarotella<br>Jonas R. McDavit<br>Xiao Li<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY  10169<br>jdesmarais@desmaraisllp.com<br>akellman@desmaraisllp.com<br>jspaccarotella@desmaraisllp.com<br>jmcdavit@desmaraisllp.com<br>xli@desmaraisllp.com |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>jblumenfeld@mnat.com | Nicholas M. Cannella<br>Michael P. Sandonato<br>Peter D. Shapiro<br>Michael Fuerch<br>John T. McKee<br>Fitzpatrick, Cella, Harper & Scinto<br>1290 Avenue of the Americas<br>New York, NY 10104<br>annella@fchs.com<br>msandonato@fchs.com<br>pshapiro@fchs.com<br>mfuerch@fchs.com<br>mckee@fchs.com |

By:    */s/ David E. Moore*
     Richard L. Horwitz
     David E. Moore
     POTTER ANDERSON & CORROON LLP
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

1029580/37320