IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**CANON INC., CANON U.S.A., INC., OLYMPUS CORPORATION, OLYMPUS CORPORATION OF THE AMERICAS, OLYMPUS AMERICA INC., and OLYMPUS IMAGING AMERICA INC.,**<br><br>    **Defendants.** | **Civil Action No. 11-CV-792-SLR**<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II") for their Complaint against Defendants Canon Inc., Canon U.S.A, Inc. (collectively, "Canon"), Olympus Corporation, Olympus Corporation of the Americas, Olympus America Inc., and Olympus Imaging America Inc. (collectively "Olympus") hereby allege as follows:

## PARTIES

1.     Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.     Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.     Defendant Canon Inc. is a corporation organized under the laws of Japan having a principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

4.     Defendant Canon U.S.A., Inc. is a corporation organized under the laws of New York, having a principal place of business at One Canon Plaza, Lake Success, New York, 11042-

1

1113.  Canon U.S.A., Inc. may be served with process through CT Corporation Systems, 111 8th Avenue, New York, New York 10011.

5.     Defendant Olympus Corporation is a corporation organized under the laws of Japan having a principal place of business at Shinjuku Monolith, 2-3-1 Nishi-Shinjuku, Shinjuku-ku, Tokyo 163-0914, Japan.

6.     Defendant Olympus Corporation of the Americas is a corporation organized under the laws of New York, having a principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034-0610.  Olympus Corporation of the Americas may be served with process through Corporation Service Company, 80 State Street, Albany, New York 12207-2443.

7.     Defendant Olympus America Inc. is a corporation organized under the laws of New York, having a principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034-0610.  Olympus America Inc. may be served with process through Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.     Defendant Olympus Imaging America Inc. is a corporation organized under the laws of New York, having a principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034-0610.  Olympus Imaging America Inc. may be served with process through Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## NATURE OF THE ACTION

9.     This is a civil action for the infringement of United States Patent No. 5,754,348; United States Patent No. 5,844,264, United States Patent No. 6,023,081, United States Patent No. 6,121,960, United States Patent No. 6,181,836, United States Patent No. 6,221,686, United States Patent No. 6,412,953, United States Patent No. 6,979,587, and United States Patent No. 7,733,368 (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2

## JURISDICTION AND VENUE

10.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

11.   This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District.  These acts have caused and continue to cause injury to Intellectual Ventures I and II within the District.  Defendants derive substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.  In addition, Defendants knowingly induced, and continue to knowingly induce, infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating instructions and other materials for the products with like mind and intent.

12.   Venue is proper in this judicial district as to Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

13.   Paragraphs 1-12 are reincorporated by reference as if fully set forth herein.

14.   On May 19, 1998, United States Patent No. 5,754,348 ("the '348 Patent"), titled "Method For Context-Preserving Magnification Of Digital Image Regions," was duly and lawfully issued by the PTO.  The '348 Patent is attached hereto as Exhibit A.

15.   Intellectual Ventures I owns the '348 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16.     On December 1, 1998, United States Patent No. 5,844,264 ("the '264 Patent"), titled "Charge-Coupled Device Image Sensor," was duly and lawfully issued by the PTO. The '264 Patent is attached hereto as Exhibit B.

17.     Intellectual Ventures II owns the '264 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18.     On February 8, 2000, United States Patent No. 6,023,081 ("the '081 Patent"), titled "Semiconductor Image Sensor," was duly and lawfully issued by the PTO. The '081 Patent is attached hereto as Exhibit C.

19.     Intellectual Ventures II owns the '081 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     On September 19, 2000, United States Patent No. 6,121,960 ("the '960 Patent"), titled "Touch Screen Systems And Methods," was duly and lawfully issued by the PTO. The '960 Patent is attached hereto as Exhibit D.

21.     Intellectual Ventures II owns the '960 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

22.     On January 30, 2001, United States Patent No. 6,181,836 ("the '836 Patent"), titled "Method And System For Non-Destructive Image Editing," was duly and lawfully issued by the PTO. The '836 Patent is attached hereto as Exhibit E.

23.     Intellectual Ventures I owns the '836 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

24.     On April 24, 2001, United States Patent No. 6,221,686 ("the '686 Patent"), titled "Method Of Making A Semiconductor Image Sensor," was duly and lawfully issued by the PTO. The '686 Patent is attached hereto as Exhibit F.

25.     Intellectual Ventures II owns the '686 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

26.     On July 2, 2002, United States Patent No. 6,412,953 ("the '953 Patent"), titled "Illumination Device And Image Projection Apparatus Comprising The Device," was duly and lawfully issued by the PTO.  The '953 Patent is attached hereto as Exhibit G.

27.     Intellectual Ventures II is an exclusive licensee and owns all substantial rights to the '953 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

28.     On December 27, 2005, United States Patent No. 6,979,587 ("the '587 Patent"), titled "Image Sensor And Method For Fabricating The Same," was duly and lawfully issued by the PTO.  The '587 Patent is attached hereto as Exhibit H.

29.     Intellectual Ventures II owns the '587 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

30.     On June 8, 2010, United States Patent No. 7,733,368 ("the '368 Patent"), titled "Virtual Reality Camera," was duly and lawfully issued by the PTO.  The '368 Patent is attached hereto as Exhibit I.

31.     Intellectual Ventures I owns the '368 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## FACTUAL BACKGROUND

32.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.  Since its founding, Intellectual Ventures has been deeply involved in the business of invention.  Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions.  A significant aspect of Intellectual Ventures' business is managing the plaintiffs in this case, Plaintiff Intellectual Ventures I and Plaintiff Intellectual Ventures II.

33.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them.

Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, a frequently difficult task for individual inventors. To date, Intellectual Ventures has purchased more than 35,000 assets and, in the process, has paid individual inventors more than $400 million for their inventions. Intellectual Ventures, in turn, has earned more than $2 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, consumer products, and a host of other products.

34.    Intellectual Ventures also develops its own inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures also has invested in laboratory facilities to assist with the development and testing of new ideas.

35.    Intellectual Ventures also develops inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

36.    Canon is a global company that designs, manufactures, and markets consumer electronics, including digital single-lens reflex ("DSLR") cameras, compact digital cameras, and digital camcorders.

37.    Beginning in 2009, Intellectual Ventures approached Canon about taking a license to Intellectual Ventures' patents. Over the next several months, in an effort to negotiate a license, Intellectual Ventures discussed many of its patents with Canon including several of the

6

patents asserted against Canon in this complaint.  Further, Intellectual Ventures explained to

Canon how Canon was using Intellectual Ventures' patented inventions in its digital imaging

products.  Despite Intellectual Ventures' good-faith efforts to negotiate a business solution,

Canon has failed and refused to license Intellectual Ventures' patents on reasonable terms, and

continues to use those inventions without permission.

38.    Olympus is a global company that designs, manufactures and markets consumer

electronics, including DSLR cameras, compact digital cameras, and digital camcorders.

39.    Beginning in 2009, Intellectual Ventures approached Olympus about taking a

license to Intellectual Ventures' patents.  Over the following several months, in an effort to

negotiate a license, Intellectual Ventures discussed many of its patents with Olympus including

several of the patents asserted against Olympus in this complaint.  Further, Intellectual Ventures

explained to Olympus how Olympus was using Intellectual Ventures' patented inventions in its

digital imaging products.  Despite Intellectual Ventures' good-faith efforts to negotiate a

business solution, Olympus has failed and refused to license Intellectual Ventures' patents on

reasonable terms and continues to use those inventions without permission.

## COUNT I

### (Canon's Infringement of the '348 Patent)

40.    Paragraphs 1-39 are incorporated by reference as if fully restated herein.

41.    Canon, either alone or in conjunction with others, has infringed and/or knowingly

and intentionally induced others including its customers to infringe, literally and/or under the

doctrine of equivalents, one or more claims of the '348 Patent by making, using, offering to sell,

selling and/or importing in or into the United States digital imaging products (including but not

limited to digital camera PowerShot models A80, A95, A470, A480, A490, A495, A510, A520,

A530, A540, A570 IS, A580, A590 IS, A610, A620, A630, A640, A650 IS, A700, A710 IS,

A720 IS, A800, A1000 IS, A1100 IS, A1200, A2000 IS, A2100 IS, A2200, A3200 IS, A3300 IS,

A3000 IS, A3100 IS, S1 IS, S2 IS, S3 IS, S5 IS, S45, S50, S60, S70, S80, S90, S95, G3, G5, G6,

G7, G9, G10, G11, G12, Pro1, ELPH 100 HS, ELPH 300 HS, ELPH 500 HS, SD770 IS, SD780 IS, SD790 IS, SD880 IS, SD890 IS, SD940 IS, SD960 IS, SD970 IS, SD980 IS, SD990 IS, SD1100 IS, SD1200 IS, SD1300 IS, SD1400 IS, SD3500 IS, SD4000 IS, SD4500 IS, D10, E1, SX1 IS, SX20 IS, SX30 IS, SX100 IS, SX110 IS, SX120 IS, SX130 IS, SX200 IS, SX210 IS, SX220 HS, and SX230 HS) without authority and in violation of 35 U.S.C. § 271.

42.     Canon has had knowledge of and notice of the '348 Patent and its infringement since at least February 8, 2011, through a presentation by Intellectual Ventures to Canon concerning the '348 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '348 patent.

43.     Intellectual Ventures I has suffered damage as a result of Canon's infringement of the '348 Patent.

## COUNT II

### (Canon's Infringement of the '081 Patent)

44.     Paragraphs 1-43 are incorporated by reference as if fully restated herein.

45.     Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Canon's Vixia HF 20 camcorder) without authority and in violation of 35 U.S.C. § 271.

46.     Canon has had knowledge of and notice of the '081 Patent and its infringement since at least September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September

8

9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '081 patent.

47.     Intellectual Ventures II has suffered damage as a result of Canon's infringement of the '081 Patent.

## COUNT III

### (Canon's Infringement of the '960 Patent)

48.     Paragraphs 1-47 are incorporated by reference as if fully restated herein.

49.     Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '960 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Canon's Vixia HF M40, HF M31 camcorders, and the PowerShot SD3500IS camera) without authority and in violation of 35 U.S.C. § 271.

50.     Canon has had knowledge of and notice of the '960 Patent and its infringement since at least February 8, 2011, through a presentation by Intellectual Ventures to Canon concerning the '960 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '960 patent.

51.     Intellectual Ventures II has suffered damage as a result of Canon's infringement of the '960 Patent.

## COUNT IV

### (Canon's Infringement of the '836 Patent)

52.     Paragraphs 1-51 are incorporated by reference as if fully restated herein.

53.     Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '836 Patent by making, using, offering to sell,

selling and/or importing in or into the United States digital photo editing software (including but not limited to Canon's Digital Photo Professional software) without authority and in violation of 35 U.S.C. § 271.

54.     Canon has had knowledge of and notice of the '836 Patent and its infringement since at least February 8, 2011, through a presentation by Intellectual Ventures to Canon concerning the '836 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '836 patent.

55.     Intellectual Ventures I has suffered damage as a result of Canon's infringement of the '836 Patent.

### COUNT V

**(Canon's Infringement of the '686 Patent)**

56.     Paragraphs 1-55 are incorporated by reference as if fully restated herein.

57.     Canon, either alone or in conjunction with others, has infringed, knowingly and intentionally induced others including its customers, literally and/or under the doctrine of equivalents, one or more claims of the '686 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Canon's EOS 50D camera) without authority and in violation of 35 U.S.C. § 271.

58.     Canon has had knowledge of and notice of the '686 Patent and its infringement since at least August 27, 2010, through a presentation by Intellectual Ventures to Canon concerning the '686 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '686 patent.

59.     Intellectual Ventures II has suffered damage as a result of Canon's infringement of the '686 Patent.

## COUNT VI

### (Canon's Infringement of the '587 Patent)

60.    Paragraphs 1-59 are incorporated by reference as if fully restated herein.

61.    Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '587 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Canon's EOS 50D camera, and cameras incorporating the Canon 1100 CMOS Image Sensor such as Canon's EOS 1DS Mark III and EOS 5D Mark II cameras) without authority and in violation of 35 U.S.C. § 271.

62.    Canon has had knowledge of and notice of the '587 Patent and its infringement since at least September 28, 2009, through a presentation by Intellectual Ventures to Canon concerning the '587 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court.  Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011.  Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '587 patent.

63.    Intellectual Ventures II has suffered damage as a result of Canon's infringement of the '587 Patent.

## COUNT VII

### (Canon's Infringement of the '368 Patent)

64.    Paragraphs 1-63 are incorporated by reference as if fully restated herein.

65.    Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '368 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not

limited to Canon's PowerShot S95 camera) without authority and in violation of 35 U.S.C. § 271.

66.     Canon has had knowledge of and notice of the '368 Patent and its infringement since at least September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Canon of the filing of the Complaint on September 9, 2011. Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '368 patent.

67.     Intellectual Ventures I has suffered damage as a result of Canon's infringement of the '368 Patent.

### COUNT VIII

### (Olympus's Infringement of the '264 Patent)

68.     Paragraphs 1-67 are incorporated by reference as if fully restated herein.

69.     Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '264 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to the Olympus Stylus 9000 camera) without authority and in violation of 35 U.S.C. § 271.

70.     Olympus has had knowledge of and notice of the '264 Patent and its infringement since at least July 13, 2011, through a presentation by Intellectual Ventures to Olympus concerning the '264 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011. Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '264 patent.

71.     Intellectual Ventures II has suffered damage as a result of Olympus's infringement of the '264 Patent.

## COUNT IX

### (Olympus's Infringement of the '081 Patent)

72.    Paragraphs 1-71 are incorporated by reference as if fully restated herein.

73.    Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to the Olympus Evolt E-620 and E-410 cameras) without authority and in violation of 35 U.S.C. § 271.

74.    Olympus has had knowledge of and notice of the '081 Patent and its infringement since at least October 29, 2010, through a presentation by Intellectual Ventures to Olympus concerning the '081 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court.  Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011.  Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '081 patent.

75.    Intellectual Ventures II has suffered damage as a result of Olympus's infringement of the '081 Patent.

## COUNT X

### (Olympus's Infringement of the '960 Patent)

76.    Paragraphs 1-75 are incorporated by reference as if fully restated herein.

77.    Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '960 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to the Olympus E-PL1 camera) without authority and in violation of 35 U.S.C. § 271.

78.     Olympus has had knowledge of and notice of the '960 Patent and its infringement since at least April 8, 2011, through a presentation by Intellectual Ventures to Olympus concerning the '960 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court.  Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011.  Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '960 patent.

79.     Intellectual Ventures II has suffered damage as a result of Olympus's infringement of the '960 Patent.

<u>COUNT XI</u>

**(Olympus's Infringement of the '836 Patent)**

80.     Paragraphs 1-79 are incorporated by reference as if fully restated herein.

81.     Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '836 Patent by making, using, offering to sell, selling and/or importing in or into the United States photo imaging editing software (including but not limited to the Olympus Viewer 2) without authority and in violation of 35 U.S.C. § 271.

82.     Olympus has had knowledge of and notice of the '836 Patent and its infringement since at least April 8, 2011, through a presentation by Intellectual Ventures to Olympus concerning the '836 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court.  Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011.  Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '836 patent.

83.     Intellectual Ventures I has suffered damage as a result of Olympus's infringement of the '836 Patent.

## COUNT XII

### (Olympus's Infringement of the '686 Patent)

84.     Paragraphs 1-83 are incorporated by reference as if fully restated herein.

85.     Olympus, either alone or in conjunction with others, has infringed knowingly and intentionally induced others including its customers, literally and/or under the doctrine of equivalents, one or more claims of the '686 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to the Olympus Evolt E-410 camera) without authority and in violation of 35 U.S.C. § 271.

86.     Olympus has had knowledge of and notice of the '686 Patent and its infringement since at least October 29, 2010, through a presentation by Intellectual Ventures to Olympus concerning the '686 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011. Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '686 patent.

87.     Intellectual Ventures II has suffered damage as a result of Olympus's infringement of the '686 Patent.

## COUNT XIII

### (Olympus's Infringement of the '953 Patent)

88.     Paragraphs 1-87 are incorporated by reference as if fully restated herein.

89.     Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '953 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to the Olympus E-620 and FE-370 cameras) without authority and in violation of 35 U.S.C. § 271.

90.     Olympus has had knowledge of and notice of the '953 Patent and its infringement since at least October 29, 2010, through a presentation by Intellectual Ventures to Olympus

concerning the '953 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011. Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '953 patent.

91.     Intellectual Ventures II has suffered damage as a result of Olympus's infringement of the '953 Patent.

## COUNT XIV

### (Olympus's Infringement of the '368 Patent)

92.     Paragraphs 1-91 are incorporated by reference as if fully restated herein.

93.     Olympus, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '368 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Olympus's Stylus FE-4030 camera) without authority and in violation of 35 U.S.C. § 271.

94.     Olympus has had knowledge of and notice of the '368 Patent and its infringement since at least July 13, 2011, through notice from Intellectual Ventures to Olympus concerning the '368 Patent, and September 9, 2011, through the filing and service of the original Complaint with this Court. Intellectual Ventures also notified Olympus of the filing of the Complaint on September 9, 2011. Olympus possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '368 patent.

95.     Intellectual Ventures I has suffered damage as a result of Olympus's infringement of the '368 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures I and II respectfully request the following relief:

a)      A judgment that Canon has infringed the '348 Patent;

b)      A judgment that Canon has infringed the '081 Patent;

c)      A judgment that Canon has infringed the '960 Patent;

d)      A judgment that Canon has infringed the '836 Patent;

e)      A judgment that Canon has infringed the '686 Patent;

f)      A judgment that Canon has infringed the '587 Patent;

g)      A judgment that Canon has infringed the '368 Patent;

h)      A judgment that Intellectual Ventures I be awarded all appropriate damages under 35 U.S.C. § 284 for Canon's past infringement and any continuing or future infringement of the '348, '836 and '368 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I for Canon's infringement, an accounting:

      a.   that Intellectual Ventures I be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

      b.   that Intellectual Ventures I be awarded such further relief at law or in equity as the Court deems just and proper.

i)      A judgment that Intellectual Ventures II be awarded all appropriate damages under 35 U.S.C. § 284 for Canon's past infringement and any continuing or future infringement of the '081, '960, '686, and '587 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Canon's infringement, an accounting:

      a.   that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

    b.  that Intellectual Ventures II  be awarded such further relief at law or in equity as the Court deems just and proper.

j)    A judgment that Olympus has infringed the '264 Patent;

k)    A judgment that Olympus has infringed the '081 Patent;

l)    A judgment that Olympus has infringed the '960 Patent;

m)    A judgment that Olympus has infringed the '836 Patent;

n)    A judgment that Olympus has infringed the '686 Patent;

o)    A judgment that Olympus has infringed the '953 Patent;

p)    A judgment that Olympus has infringed the '368 Patent;

q)    A judgment that Intellectual Ventures I be awarded all appropriate damages under 35 U.S.C. § 284 for Olympus's past infringement and any continuing or future infringement of the '836 and '368 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I for Olympus's infringement, an accounting:

    a.  that Intellectual Ventures I be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

    b.  that Intellectual Ventures I  be awarded such further relief at law or in equity as the Court deems just and proper.

r)    A judgment that Intellectual Ventures II be awarded all appropriate damages under 35 U.S.C. § 284 for Olympus's past infringement and any continuing or future infringement of the '264, '081, '960, '686, and '953 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Olympus's infringement, an accounting:

    a.  that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

b.  that Intellectual Ventures II  be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury on all claims and issues so triable.

DATED:   January 13, 2012

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Alan S. Kellman (admitted *pro hac vice*)
John C. Spaccarotella (admitted *pro hac vice*)
Jonas R. McDavit (admitted *pro hac vice*)
Xiao Li (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
jdesmarais@desmaraisllp.com
akellman@desmaraisllp.com
jspaccarotella@desmaraisllp.com
jmcdavit@desmaraisllp.com
xli@desmaraisllp.com

*Counsel for Plaintiffs*