**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No.  11-792-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CANON INC., CANON U.S.A., INC., | ) | |
| OLYMPUS CORPORATION, OLYMPUS | ) | |
| CORPORATION OF THE AMERICAS, | ) | |
| OLYMPUS AMERICA INC., and OLYMPUS | ) | |
| IMAGING AMERICA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF OLYMPUS DEFENDANTS TO AMENDED COMPLAINT

Olympus Corporation, Olympus Corporation of the Americas, Olympus America Inc.,

and Olympus Imaging America Inc. (collectively, "Olympus"), through its attorneys, hereby

answers the Amended Complaint of plaintiffs Intellectual Ventures I LLC and Intellectual

Ventures II LLC (collectively, "Intellectual Ventures") as follows.  In so answering, Olympus

does not concede that the Amended Complaint cures the deficiencies in the original Complaint in

the pleading of inducement of infringement, as set forth in Olympus's Motion to Dismiss filed on

December 29, 2011 [D.I. 19], or that the Amended Complaint otherwise adequately pleads

inducement of infringement by Olympus.  Olympus files this Answer, rather than another motion

to dismiss, merely to allow the case to progress. To the extent not specifically admitted herein,

the allegations of the Amended Complaint are denied.

## THE PARTIES

1.      Olympus is without information sufficient to admit or deny the allegations of

paragraph 1 and, therefore, denies them.

2.      Olympus is without information sufficient to admit or deny the allegations of paragraph 2 and, therefore, denies them.

3.      Olympus is without information sufficient to admit or deny the allegations of paragraph 3 and, therefore, denies them.

4.      Olympus is without information sufficient to admit or deny the allegations of paragraph 4 and, therefore, denies them.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

## NATURE OF THE ACTION

9.      Olympus admits that Intellectual Ventures purports to bring a civil action for alleged infringement of U.S. Patent Nos. 5,754,348, 5,844,264, 6,023,081, 6,121,960, 6,181,836, 6,221,686, 6,412,953, 6,979,587, and 7,733,368, under the Patent Laws of the United States. Otherwise denied.

## JURISDICTION AND VENUE

10.      Olympus admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Otherwise denied.

11.      Olympus denies the allegations of paragraph 11 that are directed to Olympus. However, for purposes of this action only, Olympus does not contest personal jurisdiction. Olympus is without information sufficient to form a belief as to the allegations regarding the other defendants and, therefore, denies the allegations regarding those defendants.

12.     Olympus denies the allegations of paragraph 12 that are directed to Olympus. However, for purposes of this action only, Olympus does not contest that venue is proper. Olympus is without information sufficient to form a belief as to the allegations regarding the other defendants and, therefore, denies the allegations regarding those defendants.

## THE PATENTS-IN-SUIT

13.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 12 above.

14.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 5,754,348 ("the '348 Patent"), entitled "Method For Context-Preserving Magnification of Digital Image Regions," on May 19, 1998.  Olympus admits that Exhibit A of the Amended Complaint appears to be a copy of the '348 Patent as purported by Intellectual Ventures.  Otherwise denied.

15.     Olympus is without information sufficient to admit or deny the allegations of paragraph 15 and, therefore, denies them.

16.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 5,844,264 ("the '264 Patent"), entitled "Charge-Coupled Device Image Sensor," on December 1, 1998.  Olympus admits that Exhibit B of the Amended Complaint appears to be a copy of the '264 Patent as purported by Intellectual Ventures.  Otherwise denied.

17.     Olympus is without information sufficient to admit or deny the allegations of paragraph 17 and, therefore, denies them.

18.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,023,081 ("the '081 Patent"), entitled "Semiconductor

Image Sensor," on February 8, 2000.  Olympus admits that Exhibit C of the Amended Complaint appears to be a copy of the '081 Patent as purported by Intellectual Ventures.  Otherwise denied.

19.     Olympus is without information sufficient to admit or deny the allegations of paragraph 19 and, therefore, denies them.

20.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,121,960 ("the '960 Patent"), entitled "Touch Screen Systems and Methods," on September 19, 2000.  Olympus admits that Exhibit D of the Amended Complaint appears to be a copy of the '960 Patent as purported by Intellectual Ventures. Otherwise denied.

21.     Olympus is without information sufficient to admit or deny the allegations of paragraph 21 and, therefore, denies them.

22.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,181,836 ("the '836 Patent"), entitled "Method And System For Non-Destructive Image Editing," on January 30, 2001.  Olympus admits that Exhibit E of the Amended Complaint appears to be a copy of the '836 Patent as purported by Intellectual Ventures.  Otherwise denied.

23.     Olympus is without information sufficient to admit or deny the allegations of paragraph 23 and, therefore, denies them.

24.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,221,686 ("the '686 Patent"), entitled "Method of Making A Semiconductor Image Sensor," on April 24, 2001.  Olympus admits that Exhibit F of the Amended Complaint appears to be a copy of the '686 Patent as purported by Intellectual Ventures.  Otherwise denied.

25.     Olympus is without information sufficient to admit or deny the allegations of paragraph 25 and, therefore, denies them.

26.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,412,953 ("the '953 Patent"), entitled "Illumination Device And Image Projection Apparatus Comprising The Device," on July 2, 2002.  Olympus admits that Exhibit G of the Amended Complaint appears to be a copy of the '953 Patent as purported by Intellectual Ventures.  Otherwise denied.

27.     Olympus is without information sufficient to admit or deny the allegations of paragraph 27 and, therefore, denies them.

28.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,979,587 ("the '587 Patent"), entitled "Image Sensor And Method For Fabricating The Same," on December 27, 2005.  Olympus admits that Exhibit H of the Amended Complaint appears to be a copy of the '587 Patent as purported by Intellectual Ventures.  Otherwise denied.

29.     Olympus is without information sufficient to admit or deny the allegations of paragraph 29 and, therefore, denies them.

30.     Upon information and belief, Olympus admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,733,368 ("the '368 Patent"), entitled "Virtual Reality Camera," on June 8, 2010.  Olympus admits that Exhibit I of the Amended Complaint appears to be a copy of the '368 Patent as purported by Intellectual Ventures.  Otherwise denied.

31.     Olympus is without information sufficient to admit or deny the allegations of paragraph 31 and, therefore, denies them.

## FACTUAL BACKGROUND

32.     Olympus is without information sufficient to admit or deny the allegations of paragraph 32 and, therefore, denies them.

33.     Olympus is without information sufficient to admit or deny the allegations of paragraph 33 and, therefore, denies them.

34.     Olympus is without information sufficient to admit or deny the allegations of paragraph 34 and, therefore, denies them.

35.     Olympus is without information sufficient to admit or deny the allegations of paragraph 35 and, therefore, denies them.

36.     Olympus is without information sufficient to admit or deny the allegations of paragraph 36 and, therefore, denies them.

37.     Olympus is without information sufficient to admit or deny the allegations of paragraph 37 and, therefore, denies them.

38.     Admitted that Olympus entities design, manufacture and market DSLR cameras and compact digital cameras.  Otherwise denied.

39.     Olympus admits that Intellectual Ventures approached Olympus and that Intellectual Ventures and Olympus discussed certain patents.  Olympus admits that these discussions did not result in a license to any Intellectual Ventures patents.  Otherwise denied.

## COUNT I
**(Canon's Alleged Infringement of the '348 Patent)**

40.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 39 above.

41.     Olympus is without information sufficient to admit or deny the allegations of paragraph 41 and, therefore, denies them.

42.     Olympus is without information sufficient to admit or deny the allegations of paragraph 42 and, therefore, denies them.

43.     Olympus is without information sufficient to admit or deny the allegations of paragraph 43 and, therefore, denies them.

## COUNT II
### (Canon's Alleged Infringement of the '081 Patent)

44.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 43 above.

45.     Olympus is without information sufficient to admit or deny the allegations of paragraph 45 and, therefore, denies them.

46.     Olympus is without information sufficient to admit or deny the allegations of paragraph 46 and, therefore, denies them.

47.     Olympus is without information sufficient to admit or deny the allegations of paragraph 47 and, therefore, denies them.

## COUNT III
### (Canon's Alleged Infringement of the '960 Patent)

48.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 47 above.

49.     Olympus is without information sufficient to admit or deny the allegations of paragraph 49 and, therefore, denies them.

50.     Olympus is without information sufficient to admit or deny the allegations of paragraph 50 and, therefore, denies them.

51.     Olympus is without information sufficient to admit or deny the allegations of paragraph 51 and, therefore, denies them.

## COUNT IV
### (Canon's Alleged Infringement of the '836 Patent)

52.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 51 above.

53.     Olympus is without information sufficient to admit or deny the allegations of paragraph 53 and, therefore, denies them.

54.     Olympus is without information sufficient to admit or deny the allegations of paragraph 54 and, therefore, denies them.

55.     Olympus is without information sufficient to admit or deny the allegations of paragraph 55 and, therefore, denies them.

## COUNT V
### (Canon's Alleged Infringement of the '686 Patent)

56.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 55 above.

57.     Olympus is without information sufficient to admit or deny the allegations of paragraph 57 and, therefore, denies them.

58.     Olympus is without information sufficient to admit or deny the allegations of paragraph 58 and, therefore, denies them.

59.     Olympus is without information sufficient to admit or deny the allegations of paragraph 59 and, therefore, denies them.

## COUNT VI
### (Canon's Alleged Infringement of the '587 Patent)

60.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 59 above.

61.     Olympus is without information sufficient to admit or deny the allegations of paragraph 61 and, therefore, denies them.

62.     Olympus is without information sufficient to admit or deny the allegations of paragraph 62 and, therefore, denies them.

63.     Olympus is without information sufficient to admit or deny the allegations of paragraph 63 and, therefore, denies them.

## COUNT VII
### (Canon's Alleged Infringement of the '368 Patent)

64.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 63 above.

65.     Olympus is without information sufficient to admit or deny the allegations of paragraph 65 and, therefore, denies them.

66.     Olympus is without information sufficient to admit or deny the allegations of paragraph 66 and, therefore, denies them.

67.     Olympus is without information sufficient to admit or deny the allegations of paragraph 67 and, therefore, denies them.

## COUNT VIII
### (Olympus's Alleged Infringement of the '264 Patent)

68.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 67 above.

69.     Denied.

70.     Olympus admits that, on July 14, 2011, Olympus received from IV a list of patents that included the '264 Patent; that the original Complaint alleges infringement of the '264 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America

Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

71.     Denied.

## COUNT IX
### (Olympus's Alleged Infringement of the '081 Patent)

72.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 71 above.

73.     Denied.

74.     Olympus admits that the original Complaint alleges infringement of the '081 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

75.     Denied.

## COUNT X
### (Olympus's Alleged Infringement of the '960 Patent)

76.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 75 above.

77.     Denied.

78.     Olympus admits that, on April 8, 2011, IV gave a presentation to Olympus concerning the '960 Patent; that the original Complaint alleges infringement of the '960 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

79.     Denied.

## COUNT XI
### (Olympus's Alleged Infringement of the '836 Patent)

80.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 79 above.

81.     Denied.

82.     Olympus admits that, on April 8, 2011, IV gave a presentation to Olympus concerning the '836 Patent; that the original Complaint alleges infringement of the '836 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.   Otherwise denied.

83.     Denied.

## COUNT XII
### (Olympus's Alleged Infringement of the '686 Patent)

84.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 83 above.

85.     Denied.

86.     Olympus admits that the original Complaint alleges infringement of the '686 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

87.     Denied.

## COUNT XIII
### (Olympus's Alleged Infringement of the '953 Patent)

88.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 87 above.

89.     Denied.

90.     Olympus admits that the original Complaint alleges infringement of the '953 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

91.     Denied.

## COUNT XIV
### (Olympus's Alleged Infringement of the '368 Patent)

92.     Olympus repeats and incorporates by reference each of the responses contained in Paragraphs 1 through 91 above.

93.     Denied.

94.     Olympus admits that, on July 14, 2011, Olympus received from IV a list of patents that included the '368 Patent; that the original Complaint alleges infringement of the '368 Patent; and that, on September 9, 2011, IV served the original Complaint on Olympus America Inc. and Olympus Imaging America Inc. and informed Olympus about the filing of the original Complaint.  Otherwise denied.

95.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

Olympus denies that Intellectual Ventures is entitled to any of the relief sought in the "Prayer for Relief" of the Amended Complaint.

## DEFENSES

Olympus, without prejudice to the denials set forth in this Answer, alleges the following defenses to Intellectual Ventures' Amended Complaint.  Olympus reserves the right to assert additional defenses as it learns more information through discovery.

## FIRST DEFENSE
### (Non-Infringement)

96.    Olympus and Olympus's actions have not and will not infringe or induce others to infringe any claim of the '264, '081, '960, '836, '686, '953, or '368 Patents.

## SECOND DEFENSE
### (Invalidity)

97.    The claims of the '264, '081, '960, '836, '686, '953, or '368 Patents are invalid for failure to comply with one or more requirements of 35 U.S.C. § 100 et. *seq*., including, but not limited to, §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Waiver, Estoppel, Laches, and/or Acquiescence)

98.    Upon information and belief, Intellectual Ventures' claims are barred, in whole or in part, by equitable doctrines, including waiver, estoppel, including prosecution history estoppel, laches, and/or acquiescence.

## FOURTH DEFENSE
### (Marking)

99.    Upon information and belief, Intellectual Ventures' claims for damages are barred, in whole or in part, by failure to properly mark or cause its licensees to mark relevant products as required by 35 U.S.C. § 287 or provide notice under 35 U.S.C. § 287.

## FIFTH DEFENSE
### (No Basis for Injunctive Relief)

100.    Intellectual Ventures is not entitled to injunctive relief because any alleged injury to Intellectual Ventures is not immediate and/or irreparable, and Intellectual Ventures has an adequate remedy at law.

### SIXTH DEFENSE
**(Compulsory License)**

101.    To the extent the Intellectual Ventures seeks a construction of the asserted patent broad enough to be considered essential to a standard to which Intellectual Ventures, the named inventors of the '264, '081, '960, '836, '686, '953, or '368 Patents, or prior assignees of the '264, '081, '960, '836, '686, '953, or '368 Patents helped formulate, Olympus is entitled to a license on fair, reasonable, and non-discriminatory terms, and Intellectual Ventures is estopped from disputing that entitlement.

### SEVENTH DEFENSE
**(Limitation on Damages)**

102.    Upon information and belief, Intellectual Ventures' claims for damages are limited under 35 U.S.C. § 286.

### EIGHTH DEFENSE
**(License, Implied License and/or Patent Exhaustion)**

103.    Upon information and belief, one or more of the accused products, or one or more of their components, are made under either a license to the '264, '081, '960, '836, '686, '953, or '368 Patents, or are subject to the implied license doctrine and/or the patent exhaustion doctrine.

### NINTH DEFENSE
**(Standing)**

104.    Intellectual Ventures does not have standing to bring the Amended Complaint because, upon information and belief, Intellectual Ventures does not own all right, title, and interest to the '264, '081, '960, '836, '686, '953, or '368 Patents.

## PRAYER FOR RELIEF

WHEREFORE, Olympus respectfully requests that the Court enter judgment:

(A)     Dismissing the Amended Complaint against Olympus in its entirety, with

prejudice;

(B)     Denying Intellectual Ventures any and all relief for any claim in the Amended

Complaint;

(C)     Declaring that the '264, '081, '960, '836, '686, '953, and '368 Patents have not

been infringed by Olympus and that Olympus has not induced others to infringe those

patents;

(D)     Declaring the '264, '081, '960, '836, '686, '953, and '368 Patents invalid;

(E)     Declaring that this case is an exceptional one pursuant to 35 U.S.C. § 285;

(F)     Awarding Olympus its reasonable attorneys fees and costs incurred in this action;

and

(G)     Granting Olympus such other and further relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Procedure 38, Olympus respectfully demands a trial

by jury on all claims and defenses triable of right to a jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:                                By:   */s/ Richard L. Horwitz*
                                                  Richard L. Horwitz (#2246)
George E. Badenoch                                David E. Moore (#3983)
Walter E. Hanley, Jr.                             Hercules Plaza, 6th Floor
John R. Kenny                                     1313 N. Market Street
Thomas R. Makin                                   Wilmington, DE  19801
KENYON & KENYON LLP                               Tel:  (302) 984-6000
One Broadway                                      rhorwitz@potteranderson.com
New York, NY 10004-1007                           dmoore@potteranderson.com
Tel:  (212) 425-7200

                                           *Attorneys for Defendants Olympus*
Dated:  February 10, 2012                  *Corporation, Olympus Corporation of the*
1046917 / 37320                            *Americas, Olympus America Inc., and*
                                           *Olympus Imaging America Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

       I, Richard L. Horwitz, hereby certify that on February 10, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

       I further certify that on February 10, 2012, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Brian E. Farnan<br>Rosemary Jean Piergiovanni<br>Farnan LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>bfarnan@farnanlaw.com<br>rpiergiovanni@farnanlaw.com | John M. Desmarais<br>Alan S. Kellman<br>John C. Spaccarotella<br>Jonas R. McDavit<br>Xiao Li<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>akellman@desmaraisllp.com<br>jspaccarotella@desmaraisllp.com<br>jmcdavit@desmaraisllp.com<br>xli@desmaraisllp.com |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com | Nicholas M. Cannella<br>Michael P. Sandonato<br>Peter D. Shapiro<br>Michael Fuerch<br>John T. McKee<br>Fitzpatrick, Cella, Harper & Scinto<br>1290 Avenue of the Americas<br>New York, NY 10104<br>annella@fchs.com<br>msandonato@fchs.com<br>pshapiro@fchs.com<br>mfuerch@fchs.com<br>mckee@fchs.com |

By:   */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1029580/37320