IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and )
INTELLECTUAL VENTURES II LLC, )
                              )
      Plaintiffs, )
                              )
      v. )    C.A. No. 11-792 (SLR)
                              )
CANON INC.; CANON U.S.A., INC.; )
OLYMPUS CORPORATION; OLYMPUS )
CORPORATION OF THE AMERICAS, )
OLYMPUS AMERICA INC. and OLYMPUS )
IMAGING AMERICA INC., )
                              )
      Defendants. )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CANON INC. AND CANON U.S.A., INC. TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Canon Inc. ("Canon Inc.") and Canon U.S.A., Inc. ("Canon USA"), by and through their undersigned attorneys, hereby respond to the Amended Complaint of Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "Plaintiffs"), with the following Answer and Affirmative Defenses.

### GENERAL DENIAL

Unless specifically admitted below, Canon Inc. and Canon USA deny each and every allegation in the Amended Complaint.

### RESPONSE TO SPECIFIC ALLEGATIONS

Canon Inc. and Canon USA hereby answer the numbered paragraphs of the Amended Complaint with the following correspondingly numbered responses:

## PARTIES

1.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and, therefore, deny them.

2.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and, therefore, deny them.

3.     Canon Inc. and Canon USA admit the allegations in paragraph 3 of the Amended Complaint.

4.     Canon Inc. and Canon USA admit that Canon USA is a New York corporation having a principal place of business at One Canon Plaza, Lake Success, New York, 11042. Except as so-admitted, Canon Inc. and Canon USA deny each and every of the remaining allegations in paragraph 4 of the Amended Complaint.

5.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, and, therefore, deny them.

6.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and, therefore, deny them.

7.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, and, therefore, deny them.

8.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, and, therefore, deny them.

## NATURE OF THE ACTION

9.    Canon Inc. and Canon USA admit that the Amended Complaint purports to assert claims for the infringement of U.S. Patent Nos. 5,754,348, 5,844,264, 6,023,081, 6,121,960, 6,181,836, 6,221,686, 6,412,953, 6,979,587 and 7,733,368 arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but deny that those claims have any merit.

## JURISDICTION AND VENUE

10.    Canon Inc. and Canon USA admit that the Amended Complaint purports to bring an action for patent infringement under 35 U.S.C. § 271 *et seq.* and admits that this Court has subject matter jurisdiction over this lawsuit.

11.    Canon Inc. and Canon USA admit that this Court has personal jurisdiction over them, but otherwise deny the allegations in paragraph 11 of the Amended Complaint as they relate to them, and specifically deny that either of them has committed or induced any act of infringement in this judicial district. Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Amended Complaint, and, therefore, deny them.

12.    Canon Inc. and Canon USA admit that, as to them, venue is proper in this judicial district, but denies that this Court is the most convenient or most appropriate forum for this action. Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Amended Complaint, and, therefore, deny them.

## THE PATENTS-IN-SUIT

13.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-12 of the Amended Complaint as if fully restated herein.

14.     Canon Inc. and Canon USA admit that Exhibit A to the Amended Complaint appears to be a copy of U.S. Patent No. 5,754,348 ("the '348 patent"), entitled "Method For Context-Preserving Magnification Of Digital Image Regions." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Amended Complaint, and, therefore, deny them.

15.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint, and, therefore, deny them.

16.     Canon Inc. and Canon USA admit that Exhibit B to the Amended Complaint appears to be a copy of U.S. Patent No. 5,844,264 ("the '264 patent"), entitled "Charge-Coupled Device Image Sensor." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Amended Complaint, and, therefore, deny them.

17.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, and, therefore, deny them.

18.     Canon Inc. and Canon USA admit that Exhibit C to the Amended Complaint appears to be a copy of U.S. Patent No. 6,023,081 ("the '081 patent"), entitled "Semiconductor Image Sensor." Canon Inc. and Canon USA lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 18 of the Amended Complaint, and, therefore, deny them.

19.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, and, therefore, deny them.

20.     Canon Inc. and Canon USA admit that Exhibit D to the Amended Complaint appears to be a copy of U.S. Patent No. 6,121,960 ("the '960 patent"), entitled "Touch Screen Systems And Methods." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Amended Complaint, and, therefore, deny them.

21.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and, therefore, deny them.

22.     Canon Inc. and Canon USA admit that Exhibit E to the Amended Complaint appears to be a copy of U.S. Patent No. 6,181,836 B1 ("the '836 patent"), entitled "Method And System For Non-Destructive Image Editing." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Amended Complaint, and, therefore, deny them.

23.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and, therefore, deny them.

24.     Canon Inc. and Canon USA admit that Exhibit F to the Amended Complaint appears to be a copy of U.S. Patent No. 6,221,686 B1 ("the '686 patent"), entitled "Method Of

Making A Semiconductor Image Sensor." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Amended Complaint, and, therefore, deny them.

25.   Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint, and, therefore, deny them.

26.   Canon Inc. and Canon USA admit that Exhibit G to the Amended Complaint appears to be a copy of U.S. Patent No. 6,412,953 B1 ("the '953 patent"), entitled "Illumination Device And Image Projection Apparatus Comprising The Device." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Amended Complaint, and, therefore, deny them.

27.   Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, and, therefore, deny them.

28.   Canon Inc. and Canon USA admit that Exhibit H to the Amended Complaint appears to be a copy of U.S. Patent No. 6,979,587 B2 ("the '587 patent"), entitled "Image Sensor And Method For Fabricating The Same." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Amended Complaint, and, therefore, deny them.

29.   Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint, and, therefore, deny them.

30.     Canon Inc. and Canon USA admit that Exhibit I to the Amended Complaint appears to be a copy of U.S. Patent No. 7,733,368 B2 ("the '368 patent"), entitled "Virtual Reality Camera." Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Amended Complaint, and, therefore, deny them.

31.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, and, therefore, deny them.

## FACTUAL BACKGROUND

32.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint, and, therefore, deny them.

33.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint, and, therefore, deny them.

34.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint, and, therefore, deny them.

35.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint, and, therefore, deny them.

36.     Canon Inc. and Canon USA admit that Canon Inc. designs and manufactures digital single-lens reflex cameras, compact digital cameras and digital camcorders and that Canon USA markets such products in the U.S.

37.     Canon Inc. and Canon USA admit that Intellectual Ventures Management, LLC or an affiliate thereof ("IV") approached Canon Inc. in 2009, and that IV thereafter discussed patents with Canon Inc., including some patents asserted against Canon in this complaint, and that Canon Inc. has not entered into a patent license agreement with IV.  Except as so-admitted, Canon Inc. and Canon USA deny each and every of the remaining allegations in paragraph 37 of the Amended Complaint, and specifically deny that Canon uses any of IV's so-called "patented inventions".

38.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint, and, therefore, deny them.

39.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint, and, therefore, deny them.

## COUNT I

### (Canon and the '348 Patent)

40.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-39 as if fully restated herein.

41.     Canon Inc. and Canon USA deny each and every allegation in paragraph 41 of the Amended Complaint.

42.     Canon Inc. and Canon USA admit that Canon Inc. had knowledge of the '348 patent on or around May 20, 2011 when it was identified to Canon Inc. by IV, and that Canon Inc. and Canon USA had knowledge of the '348 patent on or around  September 9, 2011, the date the original complaint was filed in this action.  Except as so admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 42 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '348 patent.

43.     Canon Inc. and Canon USA deny each and every allegation in paragraph 43.

## COUNT II

### (Canon and the '081 Patent)

44.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-43 as if fully restated herein.

45.     Canon Inc. and Canon USA deny each and every allegation in paragraph 45 of the Amended Complaint.

46.     Canon Inc. and Canon USA admit that they had knowledge of the '081 patent on or around September 9, 2011, the date the original complaint was filed in this action.  Except as so-admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 46 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '081 patent.

47.     Canon Inc. and Canon USA deny each and every allegation in paragraph 47 of the Amended Complaint.

## COUNT III

### (Canon and the '960 Patent)

48.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-47 as if fully restated herein.

49.    Canon Inc. and Canon USA deny each and every allegation in paragraph 49 of the Amended Complaint.

50.    Canon Inc. and Canon USA admit that Canon Inc. had knowledge of the '960 patent on or around May 20, 2011 when it was identified to Canon Inc. by IV, and that Canon Inc. and Canon USA had knowledge of the '960 patent on or around  September 9, 2011, the date the original complaint was filed in this action.  Except as so admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 50 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '960 patent.

51.    Canon Inc. and Canon USA deny each and every allegation in paragraph 51 of the Amended Complaint.

## COUNT IV

### (Canon and the '836 Patent)

52.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-51 as if fully restated herein.

53.    Canon Inc. and Canon USA deny each and every allegation in paragraph 53 of the Amended Complaint.

54.    Canon Inc. and Canon USA admit that Canon Inc. had knowledge of the '836 patent on or around May 20, 2011 when it was identified to Canon Inc. by IV, and that Canon

Inc. and Canon USA had knowledge of the '836 patent on or around  September 9, 2011, the date the original complaint was filed in this action.  Except as so admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 54 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '836 patent.

55.     Canon Inc. and Canon USA deny each and every allegation in paragraph 55 of the Amended Complaint.

## COUNT V

### (Canon and the '686 Patent)

56.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-55 as if fully restated herein.

57.     Canon Inc. and Canon USA deny each and every allegation in paragraph 57 of the Amended Complaint.

58.     Canon Inc. and Canon USA admit that Canon Inc. had knowledge of the '686 patent on or around August 17, 2010 when it was identified to Canon Inc. by IV, and that Canon Inc. and Canon USA had knowledge of the '686 patent on or around  September 9, 2011, the date the original complaint was filed in this action.  Except as so admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 58 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '686 patent.

59.     Canon Inc. and Canon USA deny each and every allegation in paragraph 59 of the Amended Complaint.

## COUNT VI

### (Canon and the '587 Patent)

60.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-59 as if fully restated herein.

61.     Canon Inc. and Canon USA deny each and every allegation in paragraph 61 of the Amended Complaint.

62.     Canon Inc. and Canon USA admit that Canon Inc. had knowledge of the '587 patent on or around September 28, 2009 when it was identified to Canon Inc. by IV, and that Canon Inc. and Canon USA had knowledge of the '587 patent on or around  September 9, 2011, the date the original complaint was filed in this action.  Except as so admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 62 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '587 patent.

63.     Canon Inc. and Canon USA deny each and every allegation in paragraph 63 of the Amended Complaint.

## COUNT VII

### (Canon and the '368 Patent)

64.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-63 as if fully restated herein.

65.     Canon Inc. and Canon USA deny each and every allegation in paragraph 65 of the Amended Complaint.

66.     Canon Inc. and Canon USA admit that they had knowledge of the '368 patent on or around September 9, 2011, the date the original complaint was filed in this action.  Except as

so-admitted, Canon Inc. and Canon USA deny each and every remaining allegation in paragraph 66 of the Amended Complaint, and specifically deny that they possessed and/or possess a specific intent to encourage others to infringe the '368 patent.

67.    Canon Inc. and Canon USA deny each and every allegation in paragraph 67 of the Amended Complaint.

## COUNT VIII

### (Olympus and the '264 Patent)

68.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-67 as if fully restated herein.

69.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint, and, therefore, deny them.

70.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint, and, therefore, deny them.

71.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint, and, therefore, deny them.

## COUNT IX

### (Olympus and the '081 Patent)

72.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-71 as if fully restated herein.

73.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint, and, therefore, deny them.

74.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint, and, therefore, deny them.

75.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint, and, therefore, deny them.

## COUNT X

### (Olympus and the '960 Patent)

76.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-75 as if fully restated herein.

77.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint, and, therefore, deny them.

78.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint, and, therefore, deny them.

79.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint, and, therefore, deny them.

## COUNT XI

### (Olympus and the '836 Patent)

80.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-79 as if fully restated herein.

81.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint, and, therefore, deny them.

82.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint, and, therefore, deny them.

83.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint, and, therefore, deny them.

## COUNT XII

### (Olympus and the '686 Patent)

84.     Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-83 as if fully restated herein.

85.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint, and, therefore, deny them.

86.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint, and, therefore, deny them.

87.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint, and, therefore, deny them.

## COUNT XIII

### (Olympus and the '953 Patent)

88.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-87 as if fully restated herein.

89.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint, and, therefore, deny them.

90.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint, and, therefore, deny them.

91.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint, and, therefore, deny them.

## COUNT XIV

### (Olympus and the '368 Patent)

92.    Canon Inc. and Canon USA repeat and reallege their answers and responses to paragraphs 1-91 as if fully restated herein.

93.    Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint, and, therefore, deny them.

94.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint, and, therefore, deny them.

95.     Canon Inc. and Canon USA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint, and, therefore, deny them.

## PRAYER FOR RELIEF

Canon Inc. and Canon USA deny that Intellectual Ventures is entitled to any relief whatsoever against Canon Inc. and/or Canon USA in this action, either as prayed for in its Complaint or otherwise.

\*   \*   \*

## AFFIRMATIVE DEFENSES

Canon Inc.'s and Canon USA's Affirmative Defenses are listed below.  Canon Inc. and Canon USA reserve the right to amend their Answer to add Affirmative Defenses, consistent with the facts discovered in the case.

### First Defense: Failure to State a Claim

96.     Plaintiffs' Complaint fails to state any claim against Canon Inc. and/or Canon USA upon which relief may be granted.

### Second Defense: Non-Infringement

97.     Canon Inc. and Canon USA have not infringed and currently are not infringing any valid claim of the '348 patent, '081 patent, '960 patent, '836 patent, '686 patent, '587 patent, or '368 patent (collectively the "patents-in-suit"), either literally or under the doctrine of

17

equivalents, nor are Canon Inc. and Canon USA actively inducing or contributing to the infringement of any claim of the patents-in-suit.

### Third Defense: Invalidity

98.     Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense: Prosecution History Estoppel

99.     As a result of the proceedings before the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants, Plaintiffs' are estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Canon.

### Fifth Defense: Costs Barred

100.     Plaintiffs' claim for costs is barred and/or limited by 35 U.S.C. § 288.

### Sixth Defense: Laches, Equitable Estoppel and Waiver

101.     Plaintiffs' claims against Canon are barred in whole or in part by one or more of the equitable doctrines of laches, equitable estoppel, and waiver.

### Seventh Defense: Limitation on Damages

102.     Plaintiffs' claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and 287.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Canon Inc. and Canon USA request that:

A.     Plaintiffs take nothing by their Amended Complaint;

B.      The Court enter judgment in favor of Canon Inc. and Canon USA in this action, and deny Plaintiffs all requested relief;

C.      The Court find that the patents-in-suit are not infringed by Canon Inc. and Canon USA;

D.      The Court find that the patents-in-suit are invalid;

E.      The Court find that Plaintiffs cannot recover any damages from Canon Inc. and Canon USA;

F.      The Court find that Plaintiffs are not entitled to any other relief at law or in equity;

G.      The Court declare that this an exceptional case entitling Canon Inc. and Canon USA to their reasonable attorneys' fees under 35 U.S.C. § 285;

H.      The Court award Canon Inc. and Canon USA their costs and reasonable attorneys' fees; and

I.      The Court grant Canon Inc. and Canon USA all other and further relief to which they may show themselves to be entitled.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

OF COUNSEL:

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Canon Inc. and Canon U.S.A., Inc.*

February 10, 2012
5403094.1

19

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 10, 2012, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                              *VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

John M. Desmarais, Esquire                                           *VIA ELECTRONIC MAIL*
Alan S. Kellman, Esquire
John C. Spaccarotella, Esquire
Jonas R. McDavit, Esquire
Xiao Li, Esquire
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
*Attorneys for Plaintiffs*

Richard L. Horwitz, Esquire                                          *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Wilmington, DE  19801
*Attorneys for Olympus Corporation, Olympus
Corporation of the Americas, Olympus
America Inc. and Olympus Imaging America
Inc.*

George E. Badenoch, Esquire                                    *VIA ELECTRONIC MAIL*
Walter E. Hanley, Esquire
John R. Kenny, Esquire
Thomas R. Makin, Esquire
KENYON & KENYON LLP
One Broadway
New York, NY  10004
*Attorneys for Olympus Corporation, Olympus*
*Corporation of the Americas, Olympus*
*America Inc. and Olympus Imaging America*
*Inc.*


_____
Jack B. Blumenfeld (#1014)